**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4622**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

        v.

JAYVIUS MARKIESE JOHNSON,

              Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Greenville.  G. Ross Anderson, Jr., Senior District Judge.  (6:03-cr-00682-GRA-2)

Submitted:  February 18, 2010      Decided:  February 23, 2010

Before WILKINSON, MICHAEL, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

David W. Plowden, Assistant Federal Public Defender, Greenville, South Carolina, for Appellant. W. Walter Wilkins, III, United States Attorney, Columbia, South Carolina, Maxwell B. Cauthen, III, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jayvius Johnson appeals from his thirty-six month sentence, imposed upon revocation of his supervised release. On appeal, Johnson contends the district court failed to adequately explain the basis for its decision to depart upward from the policy statement range (seven to thirteen months) and argues that his sentence is plainly unreasonable, both procedurally and substantively.

We will affirm a sentence imposed after revocation of supervised release if it is not plainly unreasonable. United States v. Crudup, 461 F.3d 433, 437 (4th Cir. 2006). The sentence first must be assessed for reasonableness, "follow[ing] generally the procedural and substantive considerations that we employ in our review of original sentences, . . . with some necessary modifications to take into account the unique nature of supervised release revocation sentences." Id. at 438-39. Only if a sentence is found procedurally or substantively unreasonable will this court "decide whether the sentence is plainly unreasonable." Id. at 439.

Although the district court must consider the Chapter 7 policy statements and the requirements of 18 U.S.C. §§ 3553(a), 3583 (2006), "the [district] court ultimately has broad discretion to revoke its previous sentence and impose a term of imprisonment up to the statutory maximum." Crudup, 461

2

F.3d at 439. "[A] court's statement of its reasons for going beyond non-binding *policy statements* in imposing a sentence after revoking a . . . supervised release term need not be as specific as has been required when courts departed from *guidelines*." Id.

Johnson's challenge to the reasonableness of his sentence lacks merit. Johnson admitted the charged failure to pay restitution and stated that he had no excuse. The court noted that Johnson was back for the second time for the same violation, that he was trying to avoid paying back the funds, and that Johnson was consistently defiant in court. In response to Johnson's motion for reconsideration, the court stated that it had considered the applicable statutory factors and noted that Johnson's failure to pay restitution was a continuing, monthly problem and that Johnson had lied about making payments, about his change in address, and about his employment status. The court further considered that Johnson was charged with obtaining goods under false pretenses during his supervised release and had been noncompliant throughout his term. We conclude that the record shows that the district court carefully evaluated the circumstances and reached a reasonable conclusion that the maximum sentence was appropriate.

For the foregoing reasons, we find the sentence imposed was reasonable and thus affirm the district court's

3

judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED